IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-cv-00222-BO

| | |
|---|---|
| WILLIAM WINDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [D.E. 16, 20]. On May 24, 2018, the court held a hearing on this matter in Elizabeth City, North Carolina [D.E. 24]. For the reasons discussed below, plaintiff's motion [D.E. 16] is GRANTED, defendant's motion [D.E. 20] is DENIED, the decision of the Commissioner is REVERSED, and the case is REMANDED to the Commissioner for an award of benefits.

## BACKGROUND

On August 10, 2015, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act ("Act"). [Tr. 13, 76]. Plaintiff alleged a disability onset date of December 2, 2012. [Tr. 63]. Plaintiff's application was denied initially and upon reconsideration. [Tr. 89–92, 94–98]. An Administrative Law Judge ("ALJ") held a hearing to consider plaintiff's claims *de novo*. [Tr. 31–62]. On January 4, 2017, the ALJ issued a decision finding that plaintiff was not disabled under the Act. [Tr. 10–30]. Plaintiff appealed and, on March 9, 2017, the Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. [Tr. 1–5]. On May 9, 2017, plaintiff filed a complaint in

this court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). [D.E. 1].

## LEGAL STANDARD

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

Under the Act, an individual is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Further:

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting him from performing basic work activities. *Id.* At step three, the ALJ compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

In making an RFC finding, the ALJ's considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite his limitations. 20 C.F.R. § 404.1545(a)(1). Moreover, an RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. *See* SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

At step four, the ALJ considers a claimant's RFC to determine whether he can perform past relevant work ("PRW") despite his impairments. 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on his RFC, age,

education, and work experience—can make an adjustment to perform other work. *Id.* If the claimant cannot perform other work, the ALJ finds him disabled. *Id.*

## THE ALJ DECISION

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 2, 2012, the alleged disability onset date. [Tr. 15]. At step two, the ALJ enumerated plaintiff's severe impairments, including: PTSD; depression; protrusion at L5-S1 with sciatic nerve impairment; brachial plexopathy affecting bilateral arms and hands; tinnitus and vertigo; degenerative joint disease of the left knee; and cervicalgia. *Id.* At step three, the ALJ found that none of plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ determined plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b), with the following restrictions:

> claimant can occasionally climb ladders and scaffolds; occasionally stoop; and frequently perform gross manipulation with the bilateral hands. The claimant should avoid concentrated exposure to hazardous machinery and unprotected heights. The claimant is further limited to simple and routine tasks with only occasional changes in the work setting. In addition, the claimant should avoid all contact with the public; he could tolerate occasional interaction with coworkers; and he could tolerate only occasional over-the-shoulder supervision.

[Tr. 17].

The vocational expert ("VE") testified plaintiff could not return to his PRW as an intelligence specialist or medical laboratory technician, but plaintiff would be able to perform the requirements of the representative occupations of inspector/hand packager (DOT# 559.687-074), bench assembler (DOT# 706.684-022), and electronics worker (DOT# 726.687-010). [Tr. 57–59].

4

At step four, the ALJ found that plaintiff could not resume his PRW. [Tr. 23]. At step five–in reliance upon the VE's testimony, and after considering plaintiff's age, education, work experience, and RFC–the ALJ determined that plaintiff was not disabled. [Tr. 24–25].

## **DISCUSSION**

As an initial matter, the Fourth Circuit has reaffirmed its prior holding that disability decisions by the Department of Veterans' Affairs ("VA") ordinarily are entitled to substantial weight. *See Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018) (citing *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012)). *Woods* noted an ALJ may assign less weight to such agency decisions but must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (adopting explicitly the standards of other circuit courts for assigning VA decisions less than "substantial weight" (citations omitted)).

Here, on November 6, 2014, VA determined plaintiff was entitled to a finding of individual un-employability on May 24, 2013. [Tr. 1527–33]. VA continued plaintiff's prior 70% disability rating for PTSD, major depressive disorder ("MDD"), and residuals from a traumatic brain injury ("TBI"), and found that plaintiff is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." [Tr. 1527–28]. VA noted, among other things, plaintiff's social interaction was "frequently inappropriate," he had "three or more subjective symptoms" that moderately interfere with work or relationships, and "one or more neurobehavioral effects that interfere with or preclude workplace interaction, social interaction, or both on most days or that occasionally require supervision for safety of self or others." [Tr. 1529–30].

> The ALJ did not assign any weight to this VA decision; instead, the ALJ merely noted:
>
> I am mindful that the claimant has been found disabled by the Department of Veterans Affairs and is currently receiving disability payments from the agency

5

(Ex. 10F, 13F). However, the Social Security Administration makes determinations of disability according to Social Security law. Therefore, a determination of disability by another agency is not binding on this proceeding.

[Tr. 23] (citing 20 C.F.R. § 404.1504; SSR 96-5p).

Succinctly stated, the ALJ did not follow the requirements of *Bird* because the ALJ neither assigned substantial weight to the VA disability decision nor gave "persuasive, specific, valid reasons" for assigning less weight. *See Woods*, 888 F.3d at 692; *Bird*, 699 F.3d at 343. Although defendant argues the ALJ complied with *Bird* by discussing the medical examinations on which the VA rating decision was based, *see* Def. Br. [D.E. 21] at 6, this is nevertheless insufficient. The ALJ neither addressed the individual un-employability rating nor the rationale given for finding that plaintiff was entitled to a continuation of his 70% VA disability rating for PTSD, MDD and TBI. The ALJ's discussion of individual medical assessments, without more, does not clearly demonstrate that deviation from the presumption that the VA disability decision is entitled to substantial weight is appropriate in this case. *See Bird*, 699 F.3d at 343. Accordingly, the ALJ's decision is not supported by substantial evidence. *See Perales*, 402 U.S. at 401.

The court now must determine whether to reverse and remand the matter for an award of benefits or to remand for a new hearing. This decision is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see* 42 U.S.C. § 405(g) ("The [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

Here, the record evidence supports a finding that plaintiff suffers from lingering, severe mental health disorders that preclude him from interacting successfully and appropriately with

supervisors and coworkers in a work environment. *See, e.g.*, [Tr. 873] (September 2011 VA medical opinion finding plaintiff's mental health disorders "cause clinically significant distress or impairment in social, occupation, or other important areas of functioning"); [Tr. 449] (December 2013 VA medical opinion finding plaintiff's mental health disorders caused deficits in social functioning that would limit his employment options); [Tr. 1527–30] (November 2014 VA disability decision finding plaintiff is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities" to include his mental health disorders). This evidence indicates plaintiff's mental health conditions substantially eroded his occupational base necessary for even unskilled work. *See* SSR 85-15 (noting mental health impairments erode a claimant's occupational base where a claimant is unable to "respond appropriately to supervision, coworkers, and usual work situations"); SSR 96-9p (noting a claimant's substantial loss of ability to "[r]espond[] appropriately to supervision, co-workers and usual work situations," among other things, "will substantially erode the unskilled sedentary occupational base and would justify a finding of disability."). Thus, contrary to defendant's contentions, *see* [D.E. 21] at 8–9, 11, the ALJ's failure to properly address or weigh this evidence that was not harmless error.

Because the record evidence supports a finding that plaintiff is unable to engage substantial gainful employment due to his mental health disorders, and thereby is disabled under the Act, *see* 42 U.S.C. § 1382c(a)(3)(B), further fact-finding would serve no purpose. Thus, the court, in its discretion, reverses the Commissioner's decision and remands the matter for an award of benefits. *See Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984) (reversing, rather than remanding, where "the medical evidence overwhelmingly supports the claimant's position that he is unable to work and there is insubstantial evidence in support of the ALJ's conclusions

that [claimant's] disabilities are 'not severe.'"); *Breeden v. Weinberger*, 493 F.2d 1002, 1011–12 (4th Cir. 1974) (finding it appropriate to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose.").

## CONCLUSION

For the reasons discussed above, plaintiff's motion for judgment on the pleadings [D.E. 16] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 20] is DENIED, the decision of the Commissioner is REVERSED, and the case is REMANDED to the Commissioner for an award of benefits.

SO ORDERED. This 31 day of August, 2018.

TERRENCE W. BOYLE
United States District Judge